UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.G.,<br><br>            Plaintiff,<br><br>   v.<br><br>UNIVERSITY OF SAN FRANCISCO WELFARE BENEFIT PLAN,<br><br>            Defendant. | Case No. 23-cv-00299-JSC<br><br>**ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS FOR A RULING ON THE STANDARD OF REVIEW**<br><br>Re: Dkt. No. 24 |

Plaintiff K.G. sues Defendant University of San Francisco Welfare Benefit Plan regarding denial of health plan benefits. Plaintiff brings claims under the Federal Health Parity and Addiction Equity Act as well as the Employee Retirement Income Security Act of 1974 (ERISA). (Dkt. No. 1 at 49-57.)[1] At the initial case management conference on April 27, 2023, the Court asked Defendant to address the applicable standard of review for Anthem's denials of Plaintiff's benefits for lack of medical necessity in Defendant's upcoming Rule 12(c) motion. Defendant filed a motion seeking (1) to dismiss Plaintiff's Parity Act claim for failure to state a claim, (2) to dismiss all of Plaintiff's claims for lack of statutory and Article III standing, and (3) a partial judgment pursuant to Federal Rule of Civil Procedure 12(c) that the decision to deny benefits for lack of medical necessity is governed by an abuse of discretion standard. (Dkt. No. 20.) At oral argument, the parties agreed Plaintiff J.G.'s son K.G. would have standing, and therefore agreed to substitute K.G. for Plaintiff J.G., thereby mooting the standing issue. (Dkt. No. 24 at 1.) The Court denied the motion to dismiss the Parity Act claim. (Dkt. No. 24.)

In the portion of its motion arguing for a Rule 12(c) judgment on the pleadings that an

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  abuse of discretion standard applies, Defendant relied solely on an Administrative Services
2  Agreement's delegation of authority to Anthem.  (Dkt. No. 20 at 20.)  The motion, however, made
3  no effort to establish the Administrative Services Agreement was a Plan document, and Plaintiff
4  opposed on the grounds the Administrative Services Agreement is not a Plan document capable of
5  conferring discretionary authority on Anthem.  In reply, Defendant for the first time cited caselaw
6  supporting its insistence that a plan administrator may delegate its discretionary authority to
7  decide benefit claims to a claims administrator through an administrative services agreement, and
8  submitted an additional document in support of its argument, namely, a Master Plan
9  Document/Master Summary Plan Description.  (Dkt. Nos. 22 at 13-15; 22-2.)  Defendant also
10 argued, again for the first time, that the 2021 Benefits Booklet, a Plan document, confers
11 discretionary authority on Anthem to determine the administration of benefits.  (*Id.* at 18.)  Given
12 the new arguments—and documents—made in Defendant's reply, the Court ordered supplemental
13 briefing on the standard of review.  (Dkt. No. 343.)  That briefing, along with the original briefing,
14 is now before the Court.
15     Having now reviewed all the briefing, the Court concludes the issue cannot be resolved on
16 a Rule 12(c) motion for judgment on the pleadings.  On a Rule 12(c) motion, the Court's
17 evaluation is confined to the pleadings, materials attached to the complaint, and unattached
18 evidence on which the complaint necessarily relies if "(1) the complaint refers to the document;
19 (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of
20 the document."  *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see*
21 *also Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The same standard of
22 review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").
23     Defendant's briefing relies on several documents—the Administrative Services
24 Agreement, Master Plan Document/Master Summary Plan Description, and 2021 Benefits
25 Booklet—but does not address how the Court can consider this evidence on a motion for judgment
26 on the pleadings.  None of these documents are referred to or relied upon in the First Amended
27 Complaint—the complaint Defendant removed to this Court.  While the complaint refers to "the
28 Plan," the parties dispute what documents are part of the Plan and, in any event, Defendant has

1  made no showing these documents can be considered on a 12(c) motion.  Defendant also relies on

2  declarations asserting statements of fact outside the complaint.  For example, Diane Nelson attests

3  all Plan participants are provided with the Master Plan Document/Master Summary Plan

4  Description.  (Dkt. No. 22-1 at ¶ 4.)  But the Court cannot consider such evidence on a Rule 12(c)

5  motion.  So, the motion for judgment on the pleadings must be DENIED.  The denial is without

6  prejudice to the Court deciding the appropriate standard of review on an admissible record.

7        The Court acknowledges it created this issue by asking Defendant to address the standard

8  of review on its motion for judgment on the pleadings.  But, as it turns out, that was incorrect and

9  the issue cannot be resolved by such motion.  The parties, however, should now fully understand

10  their positions as to the standard of review for purposes of any informal resolution discussions.

11        The Court will hold a further case management conference on **February 29, 2024 at 1:30**

12  **p.m.** via Zoom video.  An updated joint case management conference statement is due one week

13  in advance and should address alternative dispute resolution and a case schedule.

14        **IT IS SO ORDERED.**

15  Dated: February 7, 2024

17  _Jacqueline Scott Corley_
18  JACQUELINE SCOTT CORLEY
    United States District Judge

3